[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiffs, Abraham Jabren and Nationwide Mutual Insurance Company have filed this negligence action against the defendant, Luz Selenia Alers, Administratrix of the Estate of Daniel Delafor, seeking damages for property damage to Mr. Jabren's motor vehicle allegedly caused by a motor vehicle accident on February 16, 1989. The defendant's decedent, Daniel Delafor, was killed in that accident.
The defendant moves for dismissal of the complaint on the ground that the court lacks subject matter jurisdiction. The motion to dismiss alleges that the claim filed by the plaintiffs was not presented to the fiduciary as required by General Statutes Section 45a-358.
Even if the facts of this case show that the plaintiffs have failed to file their claim in accordance with Section 45a-358, such failure does not call for a dismissal of this lawsuit.
Part VII of Chapter 802b of the General Statutes covers claims against decedent's estates for decedents dying on or after October 1, 1987. This decedent died on or about February 16, 1989. Section 45a-356, which is part of Part VII, and which deals with the effect of a failure to present a claim, provides as follows: CT Page 9235
 (a) If any claim is not presented on or before the day which is one hundred fifty days from the date of the appointment of the first fiduciary, no fiduciary shall be chargeable for any assets that a fiduciary may have paid or distributed in good faith in satisfaction of any lawful claims, expenses or taxes or to any beneficiary before such claim was presented.
The statute which applied to estates, where the decedent died prior to October 1, 1987, concerning the failure to file a claim did provide that the creditor who fails to properly present his claim within certain time limits "shall be barred of his demand against such estate." See Section 45a-395. However, that statute is not applicable to this decedent's estate.
What the ramifications are as a result of what the plaintiffs have done or not done is not for this court to decide. In addition, the various other claims made in the defendant's memorandum are not before the court. This court is restricted to ruling on the ground claimed in the motion to dismiss.
Since the applicable statute dealing with the failure to present a claim does not bar this action; the motion to dismiss must be denied.
William L. Hadden, Jr., Judge